The Court
instructed the jury as follows: That if the jury should be of opinion, from the evidence, that the contract between the owners and Ronald Donaldson was that he should go from Alexandria to Baltimore, there to take charge of the said ship as mate, and prepare her to receive a cargo as soon as the owners should be able to procure a freight for her, and that he should be paid at the rate of one dollar a day for the time he should be so employed in the port of Baltimore, the ship was never liable for the wages due to him for the time he was so employed. But if the jury should be of opinion, from the evidence, that the work done by Donaldson was done by him as mate, under a contract made by the owners with him to perform a stipulated voyage, then the ship was liable for his wages for the time he was actually employed, although the contemplated voyage was not performed, unless the non-performance was owing to the default of the said Donaldson. The ship was not liable for the repairs, nor for the provisions furnished.
The jury having been out two days the Couiit ordered them to be brought in and gave them the following instruction, viz.: The Court, in this case, further instruct the jury, that if they should find the facts to be true, as stated in the paper handed to them and admitted by the counsel on both sides, then the contract made by the owners of the said ship with the said Donaldson consisted of two separate parts, one of which was absolute, whereby he was to go to Baltimore and go on board the said ship and prepare her to receive a cargo as soon as the said owners should be able to procure a freight for her, and that he was thereby to receive for his wages one dollar a day and be found, while he continued on board the ship in port preparing her to receive a cargo. That the other part of the said contract was contingent, and was not to take effect until the said ship should take in a cargo and proceed to sea; and that by this last part of the contract, if it had been carried into effect, the said Donaldson would have been entitled to thirty-six dollars per month for his time after the vessel sailed, but no provision was in this second part of the contract made for his wages while in the port of Baltimore, as aforesaid.
Verdict for the defendants.'- No writ of error was ever prosecuted. See Ramsay v. Allegre, 12 Wheaton, 611, Judge Johnson’s opinion, and Clinton v. Brig Hannah, Bee, 419 ; Shrewsbury v. Sloop Two Friends, Bee, 435; Bridgman's case, Hobart, 11; Justin v. Ballam, 2 Ld. Raymond, 805.